## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Fredericksburg Auto
Auction, Inc., et al.

v.

Commonwealth of Virginia,
Division of Motor Vehicles

December 27, 1988

Case No. C-88-648

By JUDGE WILLIAM H. LEDBETTER, JR.

On December 12, 1988, the plaintiffs filed a bill of complaint seeking declaratory and injunctive relief against the implementation and enforcement of Virginia Code § 46.1-523 and §§ 46.1-544.1 through 46.1-544.6. The parties appeared by counsel on December 20, 1988, for a hearing on the plaintiffs' motion for a preliminary injunction. Memoranda have been filed and reviewed.

The 1988 session of the General Assembly rewrote Chapter 7 of Title 46.1, formerly known as the Motor Vehicle Dealers Licensing Act.

Among the many revisions, § 46.1-523 was amended to require that dealers licensed in other states who "sell motor vehicles at wholesale auctions in the Commonwealth" obtain a certificate of registration. A registration fee is charged. Thus, although out-of-state dealers do not have to obtain a *license*, a process which compels the dealer to maintain a place of business in Virginia, they do have to *register* if they intend to sell vehicles at Virginia wholesale auctions.

Another new provision creates a "Motor Vehicle Transaction Recovery Fund," to which all licensed and registered

dealers must contribute. Because out-of-state dealers who sell at Virginia auctions must register (as noted above), they must also contribute to the fund.

The plaintiffs contend that the provisions of Section 46.1-523, as applied to them, violate the federal commerce clause and constitute special legislation prohibited by Article IV, § 14, of the Virginia Constitution as interpreted in *Joyner v. Centre Motor Company*, 152 Va. 627 (1951); and that the provisions of §§ 46.1-544.1 through 46.1-544.6 constitute an unlawful taking of private property.

The court is not called upon at this stage of the proceedings to make a final adjudication regarding the validity of these statutory provisions. Rather, the plaintiffs ask the court to grant a preliminary injunction pending an evidentiary hearing and more elaborate citations of authorities.

Injunctions come in a variety of shapes and colors. The injunction is a prohibitive writ issued by a court of equity. Today, most procedural aspects of injunctive relief are governed by statute (*see, e.g.,* §§ 8.01-620 through 8.01-634). A preliminary injunction, also sometimes referred to as an interlocutory or provisional injunction, is in the nature of a restraining order granted at the institution of a suit to maintain the status quo or to prevent irreparable harm until the rights of the parties can be determined. A temporary injunction is operative only for a brief period, fixed in the order itself, and ordinarily requires an indemnity bond.

In connection with a bill for declaratory relief, a preliminary injunction should be granted pendente lite only when its necessity is apparent in order to preserve or protect legal rights. Courts must exercise great restraint in enjoining conduct pending a final adjudication of the parties' rights. This is especially true when legislation is challenged. Statutes enacted by the General Assembly and signed into law by the Governor are presumptively valid. Further, this legislation in question is not "suspect" because it does not touch upon any of the so-called "cherished liberties" such as free speech, freedom of religion, the franchise, or the like. Although the legislation goes into effect January 1, 1989, its implementation will not cause irreparable harm to any of the plaintiffs, and it is not the sort of law whose consequences

cannot be undone if found to be invalid in this proceeding. The registration requirement is not onerous. The registration fee and annual fund assessment are meager and can be reimbursed if the court ultimately rules in favor of the plaintiffs.

For the following reasons, the court declines to enjoin the implementation and enforcement of these statutes until the court has had the opportunity to carefully and fully consider the merits of the plaintiffs' claims. Accordingly, a preliminary injunction will not lie, and the plaintiffs' motion for same will be denied.

The court expresses no opinion on the merits of the plaintiff's claim.